**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MONICA WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:19-cv-00950** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **ASURION,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM

Plaintiff Monica Wright, a Tennessee resident, filed a *pro se* employment discrimination complaint against Defendant Asurion under Title VII of the Civil Rights Act of 1964 (Doc. No. 1), as well as an application to proceed in this Court without prepaying fees and costs (Doc. No. 4). The Court granted the application to proceed *in forma pauperis*. (Doc. No. 5). Based on an initial review of the complaint, the Court ordered Plaintiff to demonstrate how she exhausted administrative remedies for her Title VII claim by either submitting a copy of the right-to-sue notice she received from the Equal Opportunity Employment Commission ("EEOC") or explaining why she is unable to do so. (*Id*.) Plaintiff timely filed a right-to-sue notice. (Doc. No. 6). The complaint is again before the Court for an initial review.

## I.  INITIAL REVIEW

The Court must conduct an initial review of the Complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the

screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed

by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## A. Standard of Review

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of

the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus,

"a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478,

488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations

omitted)). The Court must then consider whether those factual allegations "plausibly suggest an

entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v.

Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007). The Court "need not accept as true legal conclusions or

unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)

(quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions

masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Children's Servs.*,

510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted

by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v.

Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this

lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not

exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391

F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young

Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to

ferret out the strongest cause of action on behalf of *pro se* litigants" and the responsibility of the courts "does not encompass advising litigants as to what legal theories they should pursue").

## B. Factual Allegations

Liberally construing the Complaint and drawing the necessary reasonable inferences, the Court has identified the following factual allegations. Plaintiff completed an online application for employment at Asurion. (Doc. No. 1 at 7). On June 12, 2019, Clarissa Viers of Asurion called Plaintiff to arrange an interview. (*Id.*) Viers informed Plaintiff that she had scored well on the technology test and would receive an email with interview instructions. (*Id.*) Plaintiff was scheduled for a June 13, 2019, interview with Jawanda Batey at Asurion in Antioch, Tennessee. (*Id.*)

Upon arrival, Plaintiff was informed she would meet with a different person. (*Id.*) After Plaintiff waited for some time, the security guard made a call. (*Id.*) The guard then informed Plaintiff that her interviewer was not available, but said he looking for someone else. (*Id.*) A few minutes later, a causasian male that Plaintiff believes was named Chris appeared and told the guard, "I am here now, I will go ahead and do it." (*Id.*) Chris took Plaintiff to a room and stated that the interviewer was in a meeting. (*Id.*) Plaintiff thought it was strange that Chris had no materials and knew nothing about her. (*Id.* at 7-8). Chris conducted a quick interview, which included asking the following questions:

> (1) What kind of phone do you own?
> (2) What makes you want to work for Asurion?
> (3) Name a time you went over and beyond for a customer.
> (4) Tell me something you know about something we do here at Asurion.
> (5) I have some background in culinary arts, tell me about a time you had to multi-task in the kitchen.

(*Id*. at 8-9). The last question arose after Chris learned that Plaintiff had worked for the Metro-Nashville Public Schools nutrition department. (*Id*. at 9). At the end of the interview, Chris told Plaintiff she should hear from Asurion within a week. (*Id*. at 8).

On June 29, 2019, Clarissa Viers called Plaintiff to say that she had not passed the interview. (*Id*.) Viers said that Chris found Plaintiff was "not technical enough." (*Id*.) Knowing that she had passed the technical test and that there is a 4-6 week period of technical training after hire, Plaintiff expressed to Viers the belief that she did not receive a fair interview. (*Id*. at 5, 8). Plaintiff explained that Chris had no paperwork and took no notes, and she questioned how Chris reported any findings about her. (*Id*.) Plaintiff stated that Chris acted like he did not want to be conducting the interview. (*Id*.) She explained that the interview should have been rescheduled to another day with someone who was better prepared, more professional, and could give her a better chance. (*Id*. at 8-9). In response, Viers told Plaintiff that she could get another interview. (*Id*. at 9). Viers said her colleague, Martrese, would contact Plaintiff after returning from vacation on July 1, 2019. (*Id*.)

On July 1, 2019, Plaintiff emailed Viers. (*Id*.) Viers never responded. (*Id*.) Plaintiff had signed her child up for a "fun company" at her school in anticipation of getting the job at Asurion, but had to drop her from the program as a result of not getting the job. (*Id*. at 5).

## C. Discussion

The complaint reflects that Plaintiff intends to bring a federal employment law claim against Asurion. Before reviewing the merits of Plaintiff's claims, the Court first addresses the timeliness of the complaint.

A plaintiff must file a civil lawsuit within 90 days of receiving the right-to-sue notice from the EEOC demonstrating the exhaustion of administrative remedies. *See Fuller v. Mich. Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (citing 42 U.S.C. § 2000e-5(f)(1)) (discussing the 90-day requirement in the context of Title VII). There is a presumption that a plaintiff "receives the EEOC's [right-to-sue] letter by the fifth day after the indicated mailing date." *Id*. (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). Plaintiff has satisfied the administrative exhaustion requirement by submitting the right-to-sue notice that she received from the EEOC. (Doc. No. 6). The right-to-sue notice is dated August 20, 2019, so the Court presumes Plaintiff received it on August 25, 2019. (*Id*.) The Court received the Complaint on October 25, 2019, 61 days later. (Doc. No. 1 at 1). Accordingly, the Court considers Plaintiff's claims to be timely for the purpose of initial review.

Turning to the merits, Plaintiff checked the box denoting that she intends to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. No. 1 at 3). She also checked the box reflecting that the "discriminatory conduct of which [she] complain[s]" is a failure to hire. (Id. at 4). Finally, Plaintiff checked the box designating that Asurion discriminated against her based on her color. (*Id*.) However, because Plaintiff also included a notation that the alleged discrimination was "because [she is] African-American," the Court liberally infers that she alleges discrimination on the basis of both race and color. (*Id*.)

Title VII makes it unlawful for an employer to fail or refuse to hire any individual because of her race or color. 42 U.S.C. § 2000e-2(a)(1). To state a Title VII failure-to-hire claim based on either of these grounds, Plaintiff must allege plausible facts that: (1) she is a member of a protected class; (2) she applied for and was qualified for a position; (3) she was considered for and denied the position; and (4) she was rejected in favor of another person with similar qualification who

was not a member of her protected class. *Alexander v. CareSource*, 576 F.3d 551, 559 (6th Cir. 2009) (quoting *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996)); *Howse v. Metro Gov't Police Dep't*, No. 3:13-0187, 2014 WL 1715449, at *2 (M.D. Tenn. Apr. 30, 2014). However, Plaintiff need not establish all elements of a *prima facie* case of discrimination at this stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). So long as the complaint "provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

Liberally construing the factual allegations set forth above and taking them as true, as required at this stage of the proceedings, the Court concludes that Plaintiff has not stated a Title VII claim sufficient to survive initial review. Plaintiff alleges that she is African-American; that she applied for a position at Asurion for which she was qualified; and that Asurion considered her and denied her application for the position. Plaintiff also alleges that she was interviewed by a disinterested Caucasian Asurion employee. Critically, however, Plaintiff makes no allegation that she was rejected in favor of a candidate (similarly qualified or otherwise) who was not a member of a protected class. Plaintiff does not allege, for example, that Asurion hired a Caucasian applicant for the position she was denied. Indeed, Plaintiff does not allege that anyone else was hired for the position. Rather, the allegations of the complaint are limited to Plaintiff. The complaint therefore fails to allege that Plaintiff was treated differently than others because of her race or color. While the Court does not doubt that Plaintiff feels personally aggrieved by Asurion's hiring decision, the allegations of the complaint do not provide an adequate basis for a Title VII discrimination claim.

## II.  CONCLUSION

For the reasons explained above, the Court finds that the complaint fails to state a Title VII claim against Asurion upon which relief can be granted. The complaint will be dismissed.

An appropriate order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE